**THE LAW OFFICES OF GREGG A. PINTO**
Gregg A. Pinto (GP 9765)
225 Broadway, Suite 307
New York, New York 10007
(646) 328-2434
pinto@pintolawoffices.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ANTONIO GENAO,<br><br>                        Plaintiff,<br><br>  - against -<br><br>THE CARRIZAL BAR AND GRILL d/b/a<br>CARRIZAL RESTAURANT CORP. and<br>RAMON TAVAREZ and RAMONCITO<br>TAVAREZ, individually<br>                        Defendants. | **COMPLAINT**<br><br>**ECF CASE** |

Plaintiff Jose Antonio Genao ("Genao" or "Plaintiff"), by his attorneys, The Law Offices of Gregg A. Pinto, complaining of Carrizal Restaurant Corp. and Ramon Tavarez and Ramoncito Tavarez, individually (collectively the "Defendants"), alleges the following:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff worked as a cleaner, dishwasher, and deliveryman at the Carrizal Bar and Grill (the "Carrizal Restaurant") in Brooklyn, New York. The Carrizal Restaurant is owned by Ramon Tavarez and Ramoncito Tavarez (the "Tavarez Brothers").

2. Plaintiff brings this action to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the Carrizal Restaurant owned and controlled by the Tavarez Brothers.

3. Plaintiff also brings this action under the Wage Theft Protection Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

8. Plaintiff is and was at all times relevant hereto an individual residing in Brooklyn, New York.

9. Plaintiff worked at the Carrizal Restaurant on three separate occassions between May 2012 and June 2015.

10. Plaintiff worked at the Carrizal Restaurant as a cleaner, dishwasher, and deliveryman.

11. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

12. For at least the last four years, the Tavarez brothers have owned and maintained control, oversight and the direction of the Carrizal Bar and Grill in Brooklyn, New York.

13. Defendant Ramon Tavarez is a person engaged in business in Kings County, who is sued individually in his capacity as an owner, officer and/or agent of Carrizal Restaurant Corp. Along with his brother, Defendant Ramoncito Tavarez, Ramon Tavarez exercised sufficient control over Carrizal Restaurant Corp. to be considered the Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Carrizal Restaurant Corp.

14. Defendant Ramoncito Tavarez is a person engaged in business in Kings County, who is sued individually in his capacity as an owner, officer and/or agent of Carrizal Restaurant Corp. Along with his brother, Ramon Tavarez, Defendant Ramoncito Tavarez exercised sufficient control over Carrizal Restaurant Corp. to be considered the Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Defendant Carrizal Restaurant Corp.

15. Defendants jointly employed Plaintiff at all times relevant to this action.

16. Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

17. Defendant Carrizal Restaurant Corp. is a domestic business corporation, having its principal place of business located at 1346 Broadway, Brooklyn, New York 11221.

18. At all times relevant to this action, Carrizal Restaurant Corp. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

19. Defendant Carrizal Restaurant Corp. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## FACTS

**Plaintiff Genao's Employment at Carrizal Restaurant**

20. Plaintiff was employed as a cleaner, dishwasher, and deliveryman by the Defendants for three separate time periods: May 2012 through November 2012; January 2013 through March 2013, and September 2014 through June 2015.

21. Throughout his employment with Defendants, Plaintiff was scheduled to work more than 40 hours each week.

22. Throughout his employment with Defendants, even though Plaintiff was not exempt, Plaintiff was not paid any overtime. Rather, Plaintiff was paid a flat rate per day that was not inclusive of overtime hours worked.

23. Throughout Plaintiff's employment, Defendants did not require Plaintiff to "clock in" or use any other formal time tracking method with respect to his hours.

4

24. Throughout Plaintiff's employment, each week Defendants paid Plaintiff for his prior week's work with an envelope filled with cash.

25. This envelope did not contain any notation of the hours worked by Plaintiff.

26. In fact, throughout his employment, Defendants never provided Plaintiff with any documentation as to the hours he worked.

**Plaintiff Genao's Work**
**Schedule and Pay at Carrizal Restaurant**

27. Throughout his employment with Defendants, Plaintiff worked six (6) days per week.

28. Monday, Tuesday, and Thursday, Plaintiff worked at least ten hours per day.

29. Friday, Saturday, and Sunday, because the Carrizal Restaurant was open later hours, Plaintiff worked at least eleven hours per day.

30. Even though Plaintiff worked more than forty hours each week throughout his employment with Defendants, Plaintiff was not paid overtime.

31. Overall, despite working approximately 63 hours each week, Plaintiff was paid just $60 per day by Defendants.

**Defendants' Violation of the Wage Theft Prevention Act**

32. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

33. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

34. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other;

5

allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Minimum Wages

35. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

37. At all times relevant, Plaintiff was employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203. At all relevant times, each Defendant has employed "employee[s]," including Plaintiff.

38. Defendants were required to pay directly to Plaintiff the applicable federal minimum wage rate for all hours worked.

39. Defendants failed to pay Plaintiff the minimum wages to which he is entitled under the FLSA.

40. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices

described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

41. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 28 U.S.C. 201 *et. seq.*

42. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney fees, costs, and other compensation pursuant to 29 U.S.C. 201 et seq.

**SECOND CAUSE OF ACTION**
**New York Labor Law—Minimum Wage**

43. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

45. At all times relevant, Plaintiff has been employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

46. At all times relevant, Plaintiff has been covered by the NYLL.

47. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

48. Defendants failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

49. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

50. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Throughout the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek.

53. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

54. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

55. Defendants' decision not to pay overtime was willful.

56. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
## Unpaid Overtime Wages Under New York Labor Law

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

59. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

60. Defendants' failure to pay required overtime was willful.

61. As a result of Defendants' NY Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

## FIFTH CAUSE OF ACTION
## New York Labor Law – Failure to Provide Annual Wage Notices

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the

hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

64. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

65. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars per workweek that Defendants failed to provide Plaintiff with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## SIXTH CAUSE OF ACTION
## New York Labor Law- Failure to Provide Wage Statements

66. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

68. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

69. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### SEVENTH CAUSE OF ACTION
### New York Labor Law – Spread of Hours Pay

70. Plaintiff, realleges and incorporates by reference all allegations in all preceding paragraphs.

71. At times, Plaintiff worked more than ten hours in a workday.

72. Defendants willfully failed to compensate Plaintiff at one hour's pay at the basic New York minimum hourly wage rate on days in which the length of her workday was more than ten hours, as required by New York law.

73. Through their knowing or intentional failure to pay Plaintiff, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations.

74. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Carrizal Restaurant Corp. and Ramon Tavarez and Ramoncito Tavarez, jointly and severally, as follows:

(a) Damages for the unpaid overtime and wages (including unpaid minimum wage) due to Plaintiff, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(b) Damages for unpaid overtime, wages (including unpaid minimum wage), and spread-of-hours pay due to Plaintiff, in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

(c) Penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff with a wage notice, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6, § 198;

(d) Penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars as provided for by NYLL, Article 6, § 198;

(e) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

  (f)  For prejudgment interest on the foregoing amounts;

  (g)  For his costs and disbursements of this action, including attorneys' fees; and

  (h)  For such other further and different relief as this Court deems just and proper.

Dated: December 29, 2015
    New York, New York

        Respectfully submitted

        /s Gregg A. Pinto
        Gregg A. Pinto (GP 9765)
        **THE LAW OFFICES OF GREGG A. PINTO**
        225 Broadway, Suite 307
        New York, New York 10007
        (646) 328-2434
        pinto@pintolawoffices.com