# LAW OFFICES OF GREGG A. PINTO
## 225 BROADWAY, SUITE 307
## NEW YORK, NY 10007

GREGG A. PINTO, ESQ.
MANAGING PARTNER
*ADMITTED IN NEW YORK STATE
*ADMITTED IN UNITED STATES DISTRICT COURT (EDNY; SDNY)

TELEPHONE: (646) 328-2434
FAX: (212) 898-0117
PINTO@PINTOLAWOFFICES.COM

May 17, 2016

**<u>Via ECF and Regular Mail</u>**
Hon. Cheryl L. Pollak
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 12201

Re:   Genao v. Carrizal Bar and Grill, et al.
         No. 15-cv-07388 (RJD)

Your Honor:

Plaintiff and Defendants jointly request that your Honor approve the settlement reached in this matter.  A copy of the signed settlement agreement is annexed herein as Exhibit A.

This is an action by a single plaintiff for alleged unpaid wages, overtime, and spread-of-hours pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. and the New York Labor Law ("NYLL"). Plaintiff also seeks statutory damages based on Defendants' alleged failure to provide certain notices and pay certain wages that are required under the NYLL.  Plaintiff alleges he was formerly employed as a cleaner, dishwasher and delivery man in Defendants' restaurant.

There are a number of contested factual issues in this case. Defendants claim that Plaintiff only worked for Defendant for a few weeks.  Plaintiff, in turn, asserts that Plaintiff worked for Defendants for approximately 86 weeks spread over 2012, 2013, 2014 and 2015.  Defendants contend that they have multiple witnesses who will support their defense, while Plaintiff alleges he has not been able to locate any witnesses to corroborate his claims.  Plaintiff does not have records which support the amount of hours and length of time worked. Defendants do not have records, but have produced documents from the Department of State that support Defendants' defense, that the Plaintiff did not work during the periods alleged.

If Plaintiff were to prevail on all of his claims, his unpaid wages and overtime, exclusive of liquidated damages, would total approximately $16,000.00.  If Defendants prevailed on just their stronger defenses, they claim that Plaintiff's damages would, at best, total less than $2,000-$3000, and possibly less if the court does not credit Plaintiffs testimony.  The total settlement amount is $12,000.00[1] and the parties' settlement provides that this amount will be allocated as follows:  (1) one-third of the total settlement amount will be paid to Plaintiff's counsel as their fee; (2) Plaintiff's counsels' out-of-pocket costs will be deducted from Plaintiff's settlement funds, and (3) the remainder will be distributed to Plaintiff.  The foregoing settlement was reached after much negotiation and after Your Honor urged the parties at the Initial Case Conference to resume settlement negotiations.

---

[1] The parties agreed that the settlement amount will be paid in one lump sum.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes*." Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of his hours is sufficient to prove the hours that he worked and the wages he received, his recollection is not binding on the fact finder. Given Plaintiff's interest in the outcome of this matter, and documents and witnesses the defense intends to present, the settlement is a reasonable compromise.

Additionally, the fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings, if any.

Finally, during settlement negotiations, counsel for both sides demonstrated a mastery of the evidence and pertinent legal principles; counsel for both sides also represented their respective clients zealously.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, this settlement represents a reasonable compromise with respect to contested issues. We therefore respectfully request that this settlement be approved. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at * 6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

**THE LAW OFFICES OF GREGG A. PINTO**

/s/_____
Gregg A. Pinto
225 Broadway, Suite 307
New York, New York 10007
(646) 328-2434
pinto@pintolawoffices.com

cc: Ms. Marisol Santos, Esq.
    *Attorney for Defendants*

# EXHIBIT A

### SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Jose Antonio Genao ("Plaintiff"), and Defendants Carrizal Restaurant Corp. ("Company"), Ramon Tavarez, and Ramoncito Tavarez (collectively "Defendants") hereby agree upon this Settlement Agreement and Release ("Agreement") as a settlement of all issues involved herein as follows:

1.   **No Admission of Liability**. The parties hereto recognize and agree that Defendants, as a part of this Agreement between the parties, do not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint in *Jose Antonio Genao v. The Carrizal Bar and Gril d/b/a Carrizal Restaurant Corp., et al.*, 15 Civ. 7388, filed in the United States District Court for the Eastern District of New York (the "Pending Action"), or which could have been raised in such suit, Plaintiff's employment relationship with Defendants, and/or the separation of employment with Defendants.

2.   **Dismissal of Pending Action**. For and in consideration of the promises outlined in Paragraphs 3 and 5 and elsewhere in this Agreement, Plaintiff agrees that upon payment of the Twelve Thousand dollars ($12,000) of the Settlement Payment provided for in paragraph 5(a), he: (1) shall file the Stipulation and Order of Dismissal With Prejudice, attached hereto as Exhibit A, to effectuate a dismissal with prejudice of the Pending Action; and (2) shall not re-file these causes of action, or any other causes of action against Defendants arising from matters that were encompassed or could have been encompassed or raised in the Pending Action.

3.   **Consideration**. Upon the full execution of this Agreement and the request to withdraw his claims, Defendants agree to pay Plaintiff, as set forth and allocated below, the total sum of Twelve Thousand Dollars ($12,000.00), and other good and valuable consideration as described below.

4.     **Release by Parties.**

**Plaintiff**.  In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendant's obligations under this Agreement, Plaintiff hereby waives, releases, satisfies and discharges, on Plaintiff's own behalf, Defendants, Defendant's insurers, predecessors and successors in interest, parents, subsidiaries, divisions and related companies and entities, and their past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives (hereafter collectively referred to as "Releasees"), of and from (1) any and all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the Fair Labor Standards Act ("FLSA"), and New York Labor Law, (2) any and all claims, charges, actions and causes of action of any kind or nature that Plaintiff once had or now have, whether arising out of Plaintiff's employment with Defendant, and Plaintiff hereby acknowledges that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over FLSA and New York Labor Law provisions and/or time worked.

**Defendants.** Defendants release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have arising out of Plaintiff's employment with Defendants, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of this Agreement.

5.     **Payment**. The Settlement Amount shall be distributed by the following settlement payments:

(a)     Within 5 days of the Court's Approval of the Stipulation of Dismissal, or on or before June 1, 2016, whichever of these dates is later, the sum of Twelve Thousand dollars ($12,000) shall be paid by check payable to the Law Offices of Gregg A. Pinto.

(b)     All payments constituting the Settlement Amount shall be paid by check and shall be delivered to: The Law Offices of Gregg A. Pinto, 225 Broadway, Suite 307, New York, NY 10007.

(c)     The $12,000 payment will then be disbursed by plaintiff's counsel as follows:

$7,457.50 shall be paid to the Plaintiff

$4,542.50 shall be paid to the Law Offices of Gregg A. Pinto. This amount represents the legal fee of $4,000 (i.e., one-third of the Settlement Amount), and $542.50 in expenses incurred by the Law Offices of Gregg A. Pinto, namely:

i.  Summons & Complaint Filing Fee ($400)
ii. Service on corporate defendant via Secretary of State ($72.50)
iii. Translator Fee for 1/29/16 meeting with Plaintiff ($20)
iv. Translator Fee for 4/13/16 meeting with Plaintiff ($50)

6.     **Governing Law.**  This Agreement is to be construed and governed under the laws of the State of New York, without regard to choice of law considerations, and shall bind the parties and their respective heirs, estates, successors and assigns. It is expressly understood between the parties that the United States District Court, Eastern District of New York retains jurisdiction of this agreement. If any provision is determined by this Court to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

7. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically enumerated above.

8. **Review Period**: By signing this Agreement, Plaintiff acknowledges and represents that:

(a) He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

(b) He has signed this Agreement freely and voluntarily and without duress;

(c) No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce him to enter into this Agreement;

(d) He was advised, and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

(e) He has reviewed the terms of this Agreement with his attorney, Gregg A. Pinto of The Law Offices of Gregg A. Pinto;

(f) He has been given 21 days from the date this Agreement was given to him to consider this Agreement before signing it. Claimant may use as much or as little of this 21-day period as he wishes before signing. In the event that Claimant executes and returns this Agreement within less than 21 days of the date it was delivered to him, he acknowledges that such decision is entirely voluntary and that he had the opportunity to consider this Agreement for the entire 21-day period if so desired

(g)  He has seven (7) calendar days after signing this Agreement to revoke it. To revoke this Agreement after signing it Claimant must deliver or mail a written notice of revocation to Marisol Santos, Esq., 136-18 39th Avenue, Suite 1003, Flushing, NY 11354, before the seven-day period expires.  In addition, if revoked by mail, Claimant or his counsel must inform counsel for the Company of the revocation by telephone or email within the seven-day revocation period.  If delivered by hand, the notice of revocation must be given to Marisol Santos, Esq. within the 7-day revocation period.  This Agreement shall not become effective until the eighth (8th) calendar day after Plaintiff signs it.  If Plaintiff revokes this Agreement it will not become effective or enforceable and he will not receive the benefits described in this Agreement.

9.      **Voluntary Settlement**. Plaintiff hereby represents and warrants that he has entered into this Agreement of their own free will and accord.

10.     **No Other Representations or Agreements**.  Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.   This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto.  There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

11.     **No Modification Except In Writing**.  This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

12.     **Prevailing Party Fees**.  In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs.

13.     **Execution In Counterpart**.  This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

14.     **Plaintiff understands, represents and agrees that Plaintiff:**

(A)     **Has carefully read and fully understand all of the provisions of this Agreement;**

(B)     **Is, through this Agreement, releasing Defendants and Releasees, from any and all claims that Plaintiff may have against them relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendant;**

(C)     **Knowingly and voluntarily agree to all of the terms set forth in this Agreement;**

(D)     **Knowingly and voluntarily intend to be legally bound by this Agreement;**

(E)     **Were advised to consider the terms of this Agreement with counsel, and have consulted with Plaintiff's counsel prior to executing this Agreement; and**

(F)     **Are duly authorized and have full authority to execute this Agreement.**


**PLAINTIFF:**                                    **DEFENDANT:**

Jose Antonio Genao                     Carrizal Restaurant Corp.

*Jose A Genao*

Dated: _5/17/16_                           By:_____

                                                      Dated:_____

-6-

13.    **Execution In Counterpart**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

14.    Plaintiff understands, represents and agrees that Plaintiff:

(A)    Has carefully read and fully understand all of the provisions of this Agreement;

(B)    Is, through this Agreement, releasing Defendants and Releasees, from any and all claims that Plaintiff may have against them relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendant;

(C)    Knowingly and voluntarily agree to all of the terms set forth in this Agreement;

(D)    Knowingly and voluntarily intend to be legally bound by this Agreement;

(E)    Were advised to consider the terms of this Agreement with counsel, and have consulted with Plaintiff's counsel prior to executing this Agreement; and

(F)    Are duly authorized and have full authority to execute this Agreement.

**PLAINTIFF:**                    **DEFENDANT:**

Jose Antonio Genao               ✗ Carrizal Restaurant Corp.

                                 By: _Ruru tan_

Dated:_____           Dated:_5/17/16_____

-6-

ⅹ Ramon Tavarez

By: _Ramon Tavarez_

Dated: _5/13/16_

ⅹ Ramoncito Tavarez

By: _Ramoncito Tavarez_

Dated: _5/13/16_

**AGREED AND ACCEPTED:**

_Jose A Genao_
Jose Antonio Genao

_5/12/16_
Date

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF                   )

On this __12th__ day of __May__, 2016, before me personally came Jose Antonio Genao to me known and known to me to be the individual who executed the foregoing Agreement, and who duly acknowledged to me that he executed the same.

_____
Notary Public

GREGG A PINTO
NOTARY PUBLIC, State of New York
No. 02PI6262424
Qualified in Richmond County
Commission Expires May 21, 20_20_


**AGREED AND ACCEPTED:**

_____
Ramon Tavarez, individually and as Owner of
Carrizal Bar & Grill

_____
Date

STATE OF NEW YORK            )
                                                ) ss.:
COUNTY OF                         )

On this _____ day of _____, 2016, before me personally came Ramon Tavarez, individually, and as Owner of Carrizal Bar & Grill, to me known and known to me to be the individual who executed the foregoing Agreement, and who duly acknowledged to me that he executed the same on behalf of Carrizal Bar & Grill.

_____
Notary Public

**AGREED AND ACCEPTED:**

_____                    _____
Jose Antonio Genao                                           Date

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF            )

On this _____ day of _____, 2016, before me personally came Jose Antonio Genao to me known and known to me to be the individual who executed the foregoing Agreement, and who duly acknowledged to me that he executed the same.

_____
Notary Public

✗ **AGREED AND ACCEPTED:**

_Ramon Tavarez_                                    $\frac{5/13/16}{Date}$
Ramon Tavarez, individually and as Owner of
Carrizal Bar & Grill

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF                  )

On this _13th_ day of _May_____, 2016, before me personally came Ramon Tavarez, individually, and as Owner of Carrizal Bar & Grill, to me known and known to me to be the individual who executed the foregoing Agreement, and who duly acknowledged to me that he executed the same on behalf of Carrizal Bar & Grill.

_____
Notary Public

WILLIAM M BROWN
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02BR6336855
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES 02-08-2020

-8-

**AGREED AND ACCEPTED:**

_Ramoncito Tavarez_
Ramoncito Tavarez

_5 /13 /16_
Date

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF                  )

On this _13th_ day of _May_, 2016, before me personally came Ramoncito Tavarez, to me known and known to me to be the individual who executed the foregoing Agreement, and who duly acknowledged to me that he executed the same.

Notary Public

**WILLIAM M BROWN**
**NOTARY PUBLIC-STATE OF NEW YORK**
NO. 02BR6336855
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES 02-08-2020