UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOSE ANTONIO GENAO,

                            Plaintiff,         **ORDER**
                                                    15 CV 7388 (CLP)
      -against-

THE CARRIZAL BAR AND GRILL d/b/a
CARRIZAL RESTAURANT CORP. and
RAMON TAVAREZ and RAMONCITO
TAVAREZ, individually,

                            Defendants.

------------------------------------------------------------ x

**POLLAK**, United States Magistrate Judge:

        On December 29, 2015, Jose Antonio Genao ("plaintiff") commenced this action against The Carrizal Bar and Grill d/b/a Carrizal Restaurant Corp., Ramon Tavarez, and Ramoncito Tavarez, individually (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). On May 17, 2016, the parties consented to proceed before the undersigned.

        On May 17, 2016, the parties notified the Court that they reached a resolution of the action and requested that the Court approve the settlement agreement. In light of the Second Circuit's recent clarification that judicial approval is required to effectuate the settlement of plaintiffs' claims under the FLSA, see Cheeks v. Freeport Pancake House, Inc., No. 14 CV 299, 2015 WL 4664283 (2d Cir. Aug. 7, 2015), the Court converted the status conference scheduled for May 18, 2016 to a hearing to determine the fairness of the settlement.

        In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of

statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation").

In this case, after holding a fairness hearing, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiff's claims, considering the amounts received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Indeed, having become familiar with the facts of the case, this Court is cognizant of the issues that would require further discovery and the risks of litigation if the case were to proceed, particularly in light of the financial constraints facing defendants.

Accordingly, having heard the terms of the Settlement Agreement and the arguments that the settlement amount is fair and reasonable, the Court finds that the proposed settlement of the plaintiff's claims is fair and reasonable and hereby approves the settlement.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      May 20, 2016               /s/ Cheryl Pollak
                                          Cheryl L. Pollak
                                          United States Magistrate Judge
                                          Eastern District of New York